ALSD Local 106 (Rev. 07/13) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Alabama

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )      Case No.    21-72-N
Information associated with the cellular device assigned )
call number ███████████, in the custody or control of )
AT&T Wireless )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A; this court has authority to issue this warrant under 18 U.S.C. 2703(c)(1)(A) and 2711(3)(A). Because the Government has satisfied 18 U.S.C. 3122, this warrant is for a court order under 18 U.S.C. 3123.

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, U. S.C., Section 841 (a)(1) and 846 | Conspiracy to possess with intent to distribute and conspiracy to possess with intent to distribute scheduled controlled substances |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

FBI TFO Justin Means
*Printed name and title*

Sworn to before me and attestation acknowledged pursuant to FRCP 4.1(b)(2).

Date: _____

U.S. Magistrate Judge Katherine P. Nelson

Digitally signed by U.S. Magistrate Judge Katherine P. Nelson
DN: cn=U.S. Magistrate Judge Katherine P. Nelson, o=Federal Judiciary, ou=U.S. Government, email=efile_nelson@alsd.uscourts.gov, c=US
Date: 2021.04.28 14:37:09 -06'00'

*Judge's signature*

City and state:  Mobile, Alabama

Hon. Katherine P. Nelson, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER ████████, WITH INTERNATIONAL MOBILE EQUIPMENT IDENTITY / ELECTRONIC SERIAL NUMBER ████████ | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Justin Means, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number ████████, with International Mobile Equipment Identity / Electronic Serial Number ████████, with listed subscriber(s) ████████ ████████ ████████, whose service provider is AT&T Wireless, a wireless telephone service provider headquartered at 208 South Akard Street Dallas, Texas 75202. The target cell phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

Case 1:21-mj-00072-N *SEALED* Document Document 1 Filed 04/28/21 *SEALED* Page 3 Filed 04/28/21 Page 2 of 13 PageID #: 2

PageID #: 3

3.      I am a Task Force Officer with the Federal Bureau of Investigation Safe Streets Task Force and have been since December 2019. I am also an investigator with the Baldwin County Sheriff's Office and have been since October 2014. I have been assigned investigations dealing with drug trafficking organizations, violent street gangs, and violent crimes. I have received specialized training in the enforcement of federal controlled substance laws, and have been involved in numerous aspect of drug trafficking investigations, including: the debriefing of defendants, witnesses, and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealing of proceeds from drug trafficking, surveillance, analysis of documentary and physical evidence.

4.      I have been involved in the investigations involving the interception of and electronic communications. I am familiar with the ways in which narcotics traffickers conduct their business, including, but not limited to, their methods of importing and distributing narcotics, their use of telephones, cellular telephones, and their use of numerical codes and code words to conduct their transactions. I have also assisted in other investigations involving the interception of wire communication by, among other things, performing physical surveillance, monitoring telephone calls, and assisting in arrest and the execution of search warrants.

5.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of but not limited to Title 21, United States Code, Section 841(a)(1) and 846, possession with intent to distribute and conspiracy to possess with intent to distribute a

2

controlled substance, have been committed, are being committed, will be committed by

███████ ███████. There is also probable cause to believe that the location information

described in Attachment B will constitute evidence of these criminal violations will lead to the

identification of individuals who are engaged in the commission of these offenses.

## PROBABLE CAUSE

7.      The United States, including Federal Bureau of Investigation, is conducting a

criminal investigation of ███████ ███████ regarding possible violations of Title 21, United

States Code, Section 841(a)(1) and 846, possession with intent to distribute and conspiracy to

possess with intent to distribute a controlled substance, have been committed, are being

committed, will be committed by ███████ ███████.





4



5

16. The foregoing information establishes that █████ is involved with other known and unknown persons to conspire to distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance and that ████████ is using the target cell phone in furtherance of the drug distribution activity. By knowing the location of the target cell phone, investigators will be able to identify locations and persons involved with Barnwell in these illegal activities, thus furthering the collection of evidence of these crimes.

17. In my training and experience, I have learned that AT&T Wireless is a company which provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

6

18.     Based on my training and experience, I know that AT&T Wireless can collect E-911 Phase II data about the location of the target cell phone, including by initiating a signal to determine the location of the target cell phone on AT&T Wireless network or with such other reference points as may be reasonably available.

19.     Based on my training and experience, I know that AT&T Wireless can collect cell-site data about the target cell phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as AT&T Wireless typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

20.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

21.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the target cell phone would seriously jeopardize the ongoing investigation, as such a disclosure

7

would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

22.    I further, request that, pursuant to Title 18, United States Code, Section 2703(c)(1)(B) and (d), AT&T Wireless, or any other subsequent service provider, providers of electronic communications services as defined in Title 18, United States Code, Section 2510(15), shall disclose to the applicant and the Federal Bureau of Investigation the following information relevant to this investigation, as set forth in Title 18, United States Code, Section 2703(c)(2)(A)-(F), pertaining to ███████ and the telephone numbers assigned to or used by telephones or other devices that place or send wire or electronic communications to, or receive wire or electronic communications from, ███████, within 24 hours of said request, including weekends and holidays, there being offered specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation as set forth more fully in the affidavit: subscriber name; subscriber address, historical local and long distance telephone connection records, or records of session times and durations: length of service (including start date) and types of services utilized: telephone or instrument number or other subscriber identification number (including but not limited to International Mobile Subscriber Identity number, Mobile Subscriber Identity Number, International Mobile Equipment Identity Number, Universal Mobile Equipment Identity

8

Number, Electronic Serial Number, and Mobile Equipment Identity number); and means and source of payment for service (including any credit card or bank account number).

23. I further request that the Court direct AT&T Wireless to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T Wireless. I also request that the Court direct AT&T Wireless to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T Wireless services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T Wireless network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T Wireless for reasonable expenses incurred in furnishing such facilities or assistance.

24. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the target cell phone outside of daytime hours.

25. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

The foregoing information is true and correct to the best of my knowledge, information and belief.

Respectfully submitted,

Justin Means
Task Force Officer
Federal Bureau of Investigation

THE ABOVE AGENT HAD ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(B) THIS _____
DAY OF April 2021

U.S. Magistrate Judge Katherine P. Nelson
Digitally signed by U.S. Magistrate Judge
Katherine P. Nelson
DN: cn=U.S. Magistrate Judge Katherine P.
Nelson, o=Federal Judiciary, ou=U.S.
Government,
email=efile_nelson@alsd.uscourts.gov, c=US
Date: 2021.04.28 14:38:41 -06'00'

HON. KATHERINE P. Nelson
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A
### Property to Be Searched

1.  The cellular telephone assigned call number ███████, [with International Mobile Equipment Identity / Electronic Serial Number ██████████ with listed subscriber(s) ████████████ (the "target cell phone"), whose wireless service provider is AT&T Wireless, a company headquartered at 208 South Akard Street Dallas, Texas 75202.

2.  Records and information associated with the target cell phone that is within the possession, custody, or control of AT&T Wireless including information about the location of the cellular telephone if it is subsequently assigned a different call number.

11

# ATTACHMENT B

### Particular Things to be Seized

## I. Information to be Disclosed by the Provider

All information about the location of the target cell phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T Wireless, AT&T Wireless is required to disclose the Location Information to the government. In addition, AT&T Wireless must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T Wireless services, including by initiating a signal to determine the location of the target cell phone on AT&T Wireless network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T Wireless reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).